UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| VERNON RILEY | : | |
| | : | |
| v. | : | C.A. No. 19-00468-WES |
| | : | |
| DOMENIC ANTONELLI | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

On September 9, 2019, Plaintiff Vernon Riley, an A.C.I. inmate, filed a hand-written pro se Complaint alleging violations of 42 U.S.C. § 1983 against Correctional Officer Antonelli. (ECF No. 1). Plaintiff amended his Complaint on September 16, 2019. (ECF No. 7). In brief, he claims he was "illegally sprayed" by Officer Antonelli which resulted in "shortness of breath" but "no medical." Id. Further, he asserts that he currently has a "level 2" appeal that is pending with the A.C.I. The State has moved to dismiss the claims against Defendant in his official capacity. (ECF No. 11-1). Plaintiff Objects to the Motion. (ECF No. 13). Because Plaintiff did not exhaust all administrative remedies prior to filing his Complaint, I recommend that the Motion to Dismiss (ECF No. 11-1) be GRANTED and that the Amended Complaint (ECF No. 7) be DISMISSED WITHOUT PREJUDICE.

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the Court construes the Complaint in the light most favorable to the plaintiff, see Greater Providence MRI Ltd. P'ship v. Med. Imaging Network of S. New England, Inc., 32 F. Supp. 2d 491, 493 (D.R.I. 1998); Paradis v. Aetna Cas. & Sur. Co., 796 F. Supp. 59, 61 (D.R.I. 1992), taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences, see Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002); Carreiro v. Rhodes Gill & Co., 68 F.3d 1443, 1446 (1st Cir.

1995); Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994). If under any theory the allegations are sufficient to state a cause of action in accordance with the law, the motion to dismiss must be denied. See Hart v. Mazur, 903 F. Supp. 277, 279 (D.R.I. 1995). While a plaintiff need not plead factual allegations in great detail, the allegations must be sufficiently precise to raise a right to relief beyond mere speculation. See Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) (abrogating the "no set of facts" rule of Conley v. Gibson, 355 U.S. 41, 44-45 (1957)). The complaint "must allege 'a plausible entitlement to relief' in order to survive a motion to dismiss." Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008) (quoting Twombly, 550 U.S. at 559). In addition, I have liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required.

Plaintiff's Amended Complaint must be dismissed at this time as a matter of law due to his admitted failure to exhaust his administrative remedies under the A.C.I. Inmate Grievance Procedure. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Section 1997e requires an inmate to exhaust all available administrative processes before filing a federal lawsuit relating to the conditions of his or her confinement, even if some or all of the relief the inmate seeks is not available through the administrative process." Young v. Wall, No. Civ.A. 03-220S, 2006 WL 858085, at *2 (D.R.I. Feb. 27, 2006) (citing Booth v. Churner, 532 U.S. 731, 734 (2001)). The "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they

involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court held that "to properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules' – rules that are defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Ngo, 548 U.S. at 88) (internal citation omitted; see also id. ("[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

Here, Plaintiff indicates in his Amended Complaint that he filed a grievance concerning the events underlying his claims. (ECF No. 7 at p. 7). When asked on the Complaint form about the "result" of his grievance, he indicates "still on appeal." Id. at p. 8. These assertions of Plaintiff are more than sufficient to support a non-exhaustion finding as a matter of law. Plaintiff did not exhaust the grievance with the A.C.I. and has no valid excuse for not doing so before filing this lawsuit. Because the PLRA mandates that Plaintiff exhaust his administrative remedies within the correctional facility before coming to this Court, Plaintiff's failure to do so requires that this Amended Complaint be DISMISSED without prejudice due to non-exhaustion.

**Conclusion**

For the reasons stated, I recommend that Defendant's Motion to Dismiss (ECF No. 11-1) be GRANTED and that Plaintiff's Amended Complaint (ECF No. 7) be DISMISSED WITHOUT PREJUDICE due to non-exhaustion of administrative remedies pursuant to the PLRA.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by

the District Court and the right to appeal the District Court's decision.  See <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
January 10, 2020